1  STEPHANIE M. HINDS (CABN 154284)
   United States Attorney
2
   THOMAS A. COLTHURST (CABN 99493)
3  Chief, Criminal Division

4  KEVIN YEH (CABN 314079)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, CA 94102-3495
        Tel.: (415) 436-7063
7       Fax: (415) 436-7234
        kevin.yeh@usdoj.gov
8
   Attorneys for United States of America
9
                 UNITED STATES DISTRICT COURT
10
                NORTHERN DISTRICT OF CALIFORNIA
11
                    SAN FRANCISCO DIVISION
12

13  UNITED STATES OF AMERICA,              )  **Case No. 3:22-mj-70424 MAG**
                                           )
14          Plaintiff,                     )  **MEMORANDUM IN SUPPORT OF UNITED**
                                           )  **STATES' MOTION FOR DETENTION**
15      v.                                 )
                                           )  Date:   April 5, 2022
16  CHARLES RICHARD BARRETT,               )  Time:   12:00 p.m.
                                           )  Court:  Hon. Thomas S. Hixson
17          Defendant.                     )
    _____    )
18

19

20

21

22

23

24

25

26

27

28

United States' Detention Mem.              1
3:22-mj-70424 MAG

1

## <u>CONTENTS</u>

2
INTRODUCTION ........................................................................................................................4

3
FACTUAL BACKGROUND .......................................................................................................4

4
I.      BARRETT DEFIED ORDERS FROM LAW ENFORCEMENT OFFICERS AND
LIED TO THEM IN AN APPARENT ATTEMPT TO CONCEAL EVIDENCE. ........................4

5

6
II.      BARRETT KNOWINGLY SOLICITED AND RECEIVED CHILD
PORNOGRAPHY FROM, AND ENGAGED IN SEXUAL CONTACT WITH,
MINORS. ....................................................................................................................................5

7

8
LEGAL STANDARD ................................................................................................................11

9
ARGUMENT ..............................................................................................................................12

10
I.      BARRETT IS A DANGER TO THE COMMUNITY. ................................................12

11
     A.      The Nature and Circumstances of the Offense and the Weight of the Evidence
Demonstrate that Barrett Is a Danger to the Community. ....................................12

12
     B.      Barrett's Criminal Conduct and Characteristics Reveal His Dangerousness. ..................14

13
II.      BARRETT PRESENTS A SIGNIFICANT FLIGHT RISK. ........................................16

14
CONCLUSION ...........................................................................................................................17

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CASES**

*United States v. Alfonso Ramos*,
   2020 WL 7714535 (N.D. Cal. Dec. 29, 2020) ..................................................................... 13

*United States v. Doe*,
   No. CRIM. 12-MJ-068-, 2012 WL 3668132 (D.N.H. Aug. 23, 2012) ............................... 10

*United States v. Devinna*,
   5 F. Supp. 2d 872 (E.D. Cal. 1998) ...................................................................................... 9

*United States v. Diaz-Hernandez*,
   943 F.3d 1196 (9th Cir. 2019) ............................................................................................... 8

*United States v. Gaw*,
   No. CR1371370MAGKAW, 2013 WL 5979625 (N.D. Cal. Nov. 8, 2013) ....................... 11

*United States v. Greenoge*,
   No. 21CR1115-H, 2021 WL 3856519 (S.D. Cal. Aug. 30, 2021) ....................................... 13

*United States v. Livesay*,
   No. MAJ 19-0016 (DAR), 2021 WL 325978 (D.D.C. Jan. 29, 2021) ............................ 9, 11

*United States v. Motamedi*,
   767 F.2d 1403 (9th Cir. 1985) ............................................................................................... 8

*United States v. Winsor*,
   785 F.2d 755 (9th Cir. 1986) ................................................................................................. 9

## **STATUTES**

18 U.S.C. § 3142(e)(1)................................................................................................................. 8

18 U.S.C. § 3142(g).................................................................................................................... 9

18 U.S.C. § 2252(a)(2)................................................................................................................ 1

18 U.S.C. § 2252(a)(4)(B) ......................................................................................................... 2

18 U.S.C. § 3142(e)(3)(E)........................................................................................................... 9

18 U.S.C. § 3156(a)(4)(C) ......................................................................................................... 9

U.S.C.] § 3142(g)........................................................................................................................ 8

**INTRODUCTION**

Charles Richard Barrett has been a teacher at two San Francisco private schools; he also provides private at-home music lessons to students of any age and has taught since approximately 2008.  But starting from as early as 2013, Barrett preyed on individuals who had told him that they were minors by asking them via texts and messaging apps to send him sexually explicit images of themselves.  Even worse, not only did he receive such images, his conversations show that he also arranged to meet at least one minor in person (if not more) and then engaged in sexual conduct with him even after learning that he was underaged.  His "hands-on" conduct with minors may have continued to as recently as 2018.

On March 30, 2022, the United States filed a complaint charging Barrett with one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), (b)(1).  Given his predation on minors and, as further discussed below, because he has willfully defied and lied to law enforcement during and obstructed the lawful execution of a search warrant on his residence, the government respectfully requests that Barrett be detained pending trial to ensure his appearance in court and to safeguard the community.  Detention is especially warranted because Barrett has held positions of trust as a schoolteacher and a private instructor, and works in environments filled with the very group he victimizes.

**FACTUAL BACKGROUND**

**I.    BARRETT DEFIED ORDERS FROM LAW ENFORCEMENT OFFICERS AND LIED TO THEM IN AN APPARENT ATTEMPT TO CONCEAL EVIDENCE.**

Charles Richard Barrett and Marc Nunez were both teachers at the same private K-8 school in San Francisco.  Decl. of Kevin Yeh in Supp. of United States' Mot. for Detention ("Yeh Decl.") Ex. F at 2.  They were also partners and shared the same residence.  On June 18, 2020, federal agents executed a search warrant on the residence because there was probable cause to believe that Nunez possessed child pornography.  Yeh Decl. Ex. A at 2.

Agents attempted to breach the gate to the stairs leading to the front door, but were initially unsuccessful.  Barrett yelled down from upstairs and asked what was going on.  Uniformed agents identified themselves to Barrett as police, stated that they had a federal search warrant, and demanded

that Barrett open the gate.  Barrett went down, stood behind the gate, and asked to see the warrant.  The

agents responded that they would show him a copy of the warrant after entry.  Barrett said that he would

not comply.  Agents told Barrett that if he did not open the gate, it would be forced open.  Barrett

persisted in refusing.  Agents continued to try opening the gate using force.  At one point, Barrett yelled

at agents to stop, but he still would not open the gate.  Agents finally managed to force open the gate

themselves.  *Id.*

During the execution of the search warrant, agents asked Barrett multiple times where his cell

phone was located.  Barrett repeatedly said that he did not know where it was, but agents later learned

that the phone was in his shorts the entire time.[1]  *Id.* at 4.

Agents seized multiple electronic devices from the residence.  *Id.* at 3–4.  Review of those

devices has been ongoing.  Compl. Aff. of Special Agent Christine Brital ("Brital Aff.") ¶ 7.

On December 1, 2020, the government charged Nunez with one count of possessing child

pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).  *See United States v. Nunez*, Case No.

21-cr-13 CRB (N.D. Cal.), Dkt. No. 1.  The case remains pending.

## II.   BARRETT KNOWINGLY SOLICITED AND RECEIVED CHILD PORNOGRAPHY FROM, AND ENGAGED IN SEXUAL CONTACT WITH, MINORS.

Approximately two weeks ago, agents reviewing an Apple Macbook Pro seized from Nunez and

Barrett's residence uncovered evidence that Barrett communicated with minors via texts and messaging

apps, sent them sexually explicit images of himself, and—despite being told that they were underaged—

asked that they create sexually explicit images of themselves and send them to him.  Brital Aff. ¶¶ 8–16.

For example, in 2013, Barrett was communicating with Victim 68 ("V68"), a male who was 16 years old

at the time.  Barrett, who was 24 years old at the time, knew that V68 was a minor:

> BARRETT (12/25/2013): So how old are you?
> V68 (12/25/2013): Haha why do I not look 18?
> BARRETT (12/25/2013): You do but you said u were in hs lol
> V68 (12/25/2013): Oh haha Well no I'm not 18 😁
> BARRETT (12/25/2013): How old are you?? :p
> V68 (12/25/2013): 16
> BARRETT (12/25/2013): Haha your so young!

[1] At the initial appearance, the undersigned proffered that Barrett had slipped the phone into his pants in order to conceal it.  The undersigned apologizes to the Court for this inadvertently mistaken statement.

<pre>
              V68 (12/25/2013): Is it too young?
              BARRETT (12/25/2013): I've never been with a guy that young lol
              BARRETT (12/25/2013): I guess you like older guys? ;)
              V68 (12/25/2013): Haha ya I do I was afraid you weren't gonna want to talk to me if
              you found out
              BARRETT (12/25/2013): Lol I guess it's chill you seem pretty cool
              V68 (12/25/2013): You too:) So would you still want to meet me:)
              BARRETT (12/25/2013): Yeah I do :)
              V68 (12/25/2013): Cool:)
</pre>

Yeh Decl. Ex. D at 2.

<pre>
              V68 (12/26/2013): Haha it's pretty hair[y] for being 16 haha
              BARRETT (12/26/2013): the rest of ur body looks pretty smooth
              BARRETT (12/26/2013): lol true idk any other 16 yo haha
</pre>

*Id.* at 6.

<pre>
              BARRETT (12/26/2013): How long after you cum can u cum again
              V68 (12/26/2013): Depends on how horny I am;)10-15 minutes
              BARRETT (12/26/2013): Damnnn the joys of being 16 :p
              V68 (12/26/2013): Oh ya ;)
</pre>

*Id.* at 7.

Even though V68 told Barrett that he was 16 years old, Barrett enticed V68 to send—and

received—sexually explicit photos of V68:

<pre>
              BARRETT (12/25/2013): Hehe you should send me one too ;)
              V68 (12/25/2013): [Image of a nude post pubescent male taken from the groin area
              towards his feet. The post pubescent male has his hand placed on the shaft of his penis -
              IMG_6001.jpeg]
              BARRETT (12/25/2013): Damnn nicee
              BARRETT (12/25/2013): I like your foreskin
              V68 (12/26/2013): You too You're so fucking sexy;)
              V68 (12/26/2013): I love those hairy balls;)
              BARRETT (12/26/2013): Yeahh? Come play with them ;)
              V68 (12/26/2013): [Image of a nude post pubescent male, approximately 15-18 years of
              age. The image focuses on the post pubescent male's chest and face with a partial view of
              his penis head and shaft - IMG_7285.jpeg] I just got out of the shower ;)
              V68 (12/26/2013): [Image of a nude post pubescent male taken from the groin area
              towards his feet. The post pubescent male has his hand placed on the shaft of his penis -
              IMG_3135.jpeg]
</pre>

*Id.* at 4–5.

<pre>
              BARRETT (12/26/2013): Could I possibly see ur hole? Lol
              V68 (12/26/2013): Only if I can see yours too;)
</pre>

BARRETT (12/26/2013): Ok but I have to take it and send I later :p
V68 (12/26/2013): Why:(
BARRETT (12/26/2013): I'm still with my family haha
V68 (12/26/2013): Ok My ass is a hairy btw
BARRETT (12/26/2013): Well shave it then :p haja jk it's fine :)
V68 (12/26/2013): I will if you want me to;)
BARRETT (12/26/2013): i mean its better form rimming that way but I'm a little hairy too
V68 (12/26/2013): I like hairy ass though;) If you want me to shave I will;)
BARRETT (12/26/2013): haha okay if ur offering 😳
V68 (12/26/2013): Haha ok;)
BARRETT (12/26/2013): let me see it haha
V68 (12/26/2013): But idk if I can till tonight or tomorrow
BARRETT (12/26/2013): haha its chill dude don't trip
V68 (12/26/2013): [Close-up image depicting a nude buttocks of a male - IMG_7382.jpeg]
BARRETT (12/26/2013): thats pretty hot dude

*Id.* at 5.

Barrett knew that his conduct was illegal, yet he persisted with his predatory behavior.

Furthermore, in conversing with V68, appears to have used a technique intended to evade law

enforcement detection of his illegal conduct:

V68 (12/26/2013): Oh sure :) I'm not nervous to meet you I'm just nervous to meet if that makes sense haha Why are you nervous
BARRETT (12/26/2013): I'm nervous cause you're so young lol
V68 (12/26/2013): Haha We could be brothers for all anybody knows 😬
BARRETT (12/26/2013): Oh yeah once we meet it's chill In the back of my head I'm worried though cause it's not legal haha
V68 (12/26/2013): I won't tell 😳
BARRETT (12/26/2013): I knoww haha you should send me a pic with something so I know ur real ;) hahaha
V68 (12/26/2013): Ok;)
BARRETT (12/26/2013): Like a paper that says I'm a cutie lol
V68 (12/26/2013): [Image of nude buttocks of what appears to be a post pubescent male. The male's testicles are visible between the male's legs. The male also has a marking, possibly a mole, on his butt cheek. The male is also wearing a t-shirt that is pulled up to just above his waist - IMG_9927.jpeg] How's this
BARRETT (12/26/2013): That's pretty hot!
V68 (12/26/2013): Do you still want that note;)
BARRETT (12/26/2013):Yeahh lol with ur face in it haha
V68 (12/26/2013): Haha ok
BARRETT (12/26/2013): Is that weird?
V68 (12/26/2013): No What do you want it to say
BARRETT (12/26/2013): Put the date and I'm sexy haha
BARRETT (12/26/2013): Sorry I was away from my phone :p

1      V68 (12/26/2013): It's cool Do you want me to put "I'm sexy" or that you're sexy
    BARRETT (12/26/2013): "I'm sexy" hahaha
2      BARRETT (12/26/2013): Cause you are
    V68 (12/26/2013): Ok Even though I think you're sexier
3      BARRETT (12/26/2013): You're too nice lol
    BARRETT (12/26/2013): Ur super sexy :p
4      V68 (12/26/2013): [Image of a male, approximately 15-18 years of age, holding up a
    lined spiral notebook with "I'm sexy 12 26 13" written on a sheet of paper. The male is
5      wearing a beanie and appears to be the same male as seen in IMG_7285.jpeg -
    IMG_0607.jpeg] It's a really bad picture 😳
6
    BARRETT (12/26/2013): Haha it's adorable
7      BARRETT (12/26/2013): I guess ur not a cop then :p 😊
8      BARRETT (12/26/2013): Hahaha
    V68 (12/26/2013): Nope just a horny 16 year old
9

10  *Id.* at 10–11.

11      There is evidence that Barrett and V68 also met and had sex, and that Barrett gave marijuana to

12  V68 and encouraged him to consume it during their sexual encounter.

13      BARRETT (12/26/2013): Ahh it's going to be hard not to kiss you right away haha
    V68 (12/26/2013): I know how you feel;)
14      BARRETT (12/26/2013): Well smoke first though
    V68 (12/26/2013): Sick:) Out of a pipe?
15      BARRETT (12/26/2013): Yeahh I have an ecig that you put hash in
16      V68 (12/26/2013): Nice;)
    BARRETT (12/26/2013): Do you have a curfew
17      V68 (12/26/2013): No
    BARRETT (12/26/2013): Oh nicee :D
18      V68 (12/26/2013): Yup;)
19      BARRETT (12/26/2013): I'm free all night lol
    V68 (12/26/2013): I have a friend that lives in Madera and I'm gonna ask if I can stay
20      there for the night
    V68 (12/26/2013): And that's when I go to your house instead;)
21      BARRETT (12/26/2013): Ohh ok that makes sense, you can stay as long as you want
    with me :)
22      V68 (12/26/2013): Sweet:)

23  *Id.* at 11–12.

24
25      BARRETT (12/27/2013): I had a lot of fun btw
    V68 (12/27/2013): I FOUND IT!!!!!
26      V68 (12/27/2013): I did too Hopefully we can do it again :)
    BARRETT (12/27/2013): Yay! I was worried lol and yeah we can you're a chill guy :)
27      V68 (12/27/2013): You too :)
    V68 (12/28/2013): My legs are sore haha
28      BARRETT (12/28/2013): Haha how come?

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

> V68 (12/28/2013): When you folded me in half while you fucked me 😂 haha
> BARRETT (12/28/2013): Oh yeah haha that could do it ;)
> V68 (12/28/2013): Haha But my ass is fine and ready for more;)
> BARRETT (12/28/2013): It sure was this morning lol
> BARRETT (12/28/2013): You couldn't get enough
> V68 (12/28/2013): It felt so good !!!!
> BARRETT (12/28/2013): I know ;p haha I'm glad you liked it
> BARRETT (12/28/2013): ===D O:
> V68 (12/28/2013): Your cock tatted so amazing 😁
> BARRETT (12/28/2013): You are my cum for breakfast lol
> V68 (12/28/2013): Best breakfast I've ever had
> BARRETT (12/28/2013): Haha ur cute
> V68 (12/28/2013): You too ;)
> BARRETT (12/28/2013): I'm glad you came over! And found ur wallet lol
> V68 (12/28/2013): Me too I don't think you understand how nervous I was to meet you
> My hands were shaking haha
> BARRETT (12/28/2013): Hahaha I saw that I tried to make you comfortable lol I think it
> worked
> V68 (12/28/2013): Ya it did
> BARRETT (12/28/2013): Lol I think smoking helped
> V68 (12/28/2013): Ya it probably did
> BARRETT (12/28/2013): It was nice chatting first too
> BARRETT (12/28/2013): And cuddling after
> V68 (12/28/2013): I loved cuddling with you
> BARRETT (12/28/2013): I did too your soooo cuddly
> V68 (12/28/2013): You too!!!

17

*Id.* at 14–15.

18

19

20

21

22

23

24

Agents determined V68's identity and interviewed him on March 25, 2022. V68 confirmed that he was 16 years old during his conversations with Barrett, who was 24 years old at the time. Although V68 does not seem to have clear memories of some aspects of his conversations and in-person meeting with Barrett, he remembered at least engaging in mutual oral copulation with Barrett and traveling to Fresno to meet him. V68 was shown various images that he sent to Barrett, and confirmed that the images were of him. Yeh Decl. Ex. B at 2–7. In total, Barrett received at least nine sexually explicit photos of V68. Yeh Decl. Ex. D at 4, 5, 10–12, 15, 17.

25

26

27

Agents found at least one other chat conversation that Barrett had with Victim 69 ("V69"), an individual who identified himself as 16 years old and in high school. Barrett received at least four sexually explicit photographs from the individual purportedly of himself. *Id.* at 25–26. Barrett also

28

1  stated that he has had sexual contact with at least one 17-year-old individual before.[2]

2          blabber***smoke (11/13/2013): and what is you're age?
          V69 (11/13/2013): 16
3          blabber***smoke (11/13/2013): and do you mean been with in bed? lol
          V69 (11/13/2013): Yea
4          blabber***smoke (11/13/2013): I haven't been with a 16 year old lol but 17 and 18
5          blabber***smoke (11/13/2013): not in a while thoihh lol
          V69 (11/13/2013): Is it OK I'm 16 then?
6          blabber***smoke (11/13/2013): yeah no worries

7  *Id.* at 21. [3]

8          Agents also found more recent evidence that Barrett and/or Nunez knowingly have sexual

9  contact with minors, as recently as 2018.

10          NUNEZ (8/1/2018): Okay you should message him then while I shower
          BARRETT (8/1/2018): Ok he's getting ready
11          NUNEZ (8/1/2018): Okay
          BARRETT (8/1/2018): I said to let us know when to call the Uber
12          NUNEZ (8/1/2018): Okay
          NUNEZ (8/1/2018): He said to call it
13          BARRETT (8/1/2018): U call it and I can pay u
          NUNEZ (8/1/2018): He is 17 lol
14          BARRETT (8/1/2018): I had a feeling
15          BARRETT (8/1/2018): He just told u? 😂
          NUNEZ (8/1/2018): No he told me yesterday and I thought he told you too
16          BARRETT (8/1/2018): Lol too late now
17          NUNEZ (8/1/2018): lol yeah
          NUNEZ (8/1/2018): 5mins
18          BARRETT (8/1/2018): Ok
19          BARRETT (8/1/2018): I think that ramen went right through me
          BARRETT (8/2/2018): U ok?
20          NUNEZ (8/2/2018): Yeah why
          BARRETT (8/2/2018): Just cause u didn't want to go lol
21          BARRETT (8/2/2018): I didn't think he was staying so long lol
22          NUNEZ (8/2/2018): I'm tired
          BARRETT (8/2/2018): It's ok just checking
23          NUNEZ (8/2/2018): Ok
          BARRETT (8/2/2018): How long is he staying
24          NUNEZ (8/2/2018): Idk

25  Yeh Decl. Ex. C at 6–7.

26  ───────────────────────

27  [2] It is unclear when Barrett had sex with the referenced 17 year old.  If Barrett was an adult at the time, this incident would likely constitute yet another instance of unlawful "hands-on" contact with a minor.

28  [3] Agents have determined that blabber***smoke is likely Barrett.  Asterisks have been used to conceal contact information.

Internet searches, website information, and file information found on a laptop that appears to belong to Barrett and seized in June 2020 included the following terms:  "naughty school boys"; "New students sucking dicks"; "preteen boys fuck"; "young teenage gay boys"; and "Schoolboy Piss Play." Yeh Decl. Ex. E at 6, 15, 19.  The laptop also contained files and images of additional suspected child pornography.  *Id.* at 2, 5.

While the investigation into Barrett continues, agents believe that there are at least two to three other minor victims involved in Barrett's conduct.  Yeh Decl. ¶ 8.

In addition to teaching at a private K-8 school in San Francisco, Barrett offers private at-home music lessons to students of "[a]ny age" and has taught for 14 years.[4]

## LEGAL STANDARD

Under the Bail Reform Act of 1984, the Court must detain a defendant before trial without bail where "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person in the community." 18 U.S.C. § 3142(e)(1).  Detention is appropriate where a defendant is either a danger to the community or a flight risk; the government need not prove both.  *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).  A finding that a defendant is a danger to the community must be supported by clear and convincing evidence, but a finding that a defendant is a flight risk need only be supported by a preponderance of the evidence.  *Id.*

"[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated in [18 U.S.C.] § 3142(g)."  *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). Those factors are: (i) the nature and circumstances of the offense charged; (ii) the weight of the evidence against the defendant; (iii) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (iv) the nature

---

[4] *See* Charles Barrett, Classical Voice, https://www.sfcv.org/classifieds/lessons/charles-barrett (last visited Apr. 4, 2022).

1  and seriousness of the danger to any person or to the community that would be posed by the defendant's

2  release.  *See* 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

3                                    **ARGUMENT**

4  **I.      BARRETT IS A DANGER TO THE COMMUNITY.**

5         **A.      The Nature and Circumstances of the Offense and the Weight of the Evidence**
                    **Demonstrate that Barrett Is a Danger to the Community.**

6

7         The facts underlying this case demonstrate that Barrett is a significant danger to the public—and

   to minors in particular.  To start, that Barrett has been charged with receiving child pornography—"a

8  very serious offense which victimizes the most vulnerable members of society"—weighs in favor of

9  detention.  *See United States v. Livesay*, No. MAJ 19-0016 (DAR), 2021 WL 325978, at *4 (D.D.C. Jan.

10 29, 2021).  Congress has defined receipt of child pornography as a "crime of violence."  18 U.S.C.

11 § 3156(a)(4)(C).  "A crime of violence, by definition, entails dangers to the community."  *United States*

12 *v. Devinna*, 5 F. Supp. 2d 872, 873 (E.D. Cal. 1998).  For these reasons, Barrett's charged offense

13 carries a rebuttable presumption in favor of detention.  18 U.S.C. § 3142(e)(3)(E).

14        But the government does not need to rely on a presumption for Barrett to be detained because the

15 details of his disturbing conduct underlying the charged offense leave no other conclusion than that he is

16 a danger to the community.  While investigating his partner for possession of child pornography, agents

17 found that Barrett himself knowingly solicited and received sexually explicit images of, and from,

18 underaged victims.  Despite being told by these individuals that they were underaged, Barrett seemed to

19 have no problem with that fact and persisted in lewdly flirting with and exchanging graphic images with

20 them.

21            BARRETT (12/25/2013): How old are you?? :p
             V68 (12/25/2013): 16
22           BARRETT (12/25/2013): Haha your so young!
             V68 (12/25/2013): Is it too young?
23           BARRETT (12/25/2013): I've never been with a guy that young lol
             BARRETT (12/25/2013): I guess you like older guys?
24           V68 (12/25/2013): Haha ya I do I was afraid you weren't gonna want to talk to me if
             you found out
25           BARRETT (12/25/2013): Lol I guess it's chill you seem pretty cool
             V68 (12/25/2013): You too:) So would you still want to meet me:)
26           BARRETT (12/25/2013): Yeah I do :)

27

28

Yeh Decl. Ex. D at 2.

> V69 (11/13/2013): Is it OK I'm 16 then?
> blabber***smoke (11/13/2013): yeah no worries

*Id.* at 21.  Barrett received at least 13 sexually explicit images of and from victims who told him that they were underaged.  *Id.* at 4, 5, 10–12, 15, 17, 25–26.  Agents have also found additional child pornography on devices seized from his residence in June 2020 and their continuing investigation may yet reveal more, including on devices seized during Barrett's arrest.  Yeh Decl. Ex. E at 2, 5.

Barrett's conduct was not solely limited to *receiving* child pornography, however, nor was he merely exchanging existing content.  As his messages with the minors show, he actively enticed those minors and encouraged them to produce sexually explicit images of themselves.  In other words, but for Barrett's conduct, the lascivious photos found on his devices might not exist at all and the minors with whom he spoke might not have been victimized by the creation of child pornography of them.

The evidence supporting Barrett's guilt is strong:  the exchanges were found on a device with multiple indicia linking it to Barrett, the usernames and contact information are also linked to Barrett, at least one of the victims has identified him as the person who solicited and received naked pictures of the victim, and Barrett has engaged in more than one instance of receiving child pornography.

Barrett's dangerous propensity is amply illustrated by the fact that he *knew* that his conduct was illegal ("BARRETT (12/26/2013): Oh yeah once we meet it's chill In the back of my head I'm worried though cause it's not legal haha"), but he ultimately did not care.  Indeed, he asked V68 to send him a picture of himself holding a note with a date and a dictated statement—a way to ensure that he was actually speaking with a minor and not law enforcement ("BARRETT (12/26/2013): I guess ur not a cop then :p 😊").  Detention is therefore warranted because Barrett continued his behavior even when "he knew it was a crime to do so."  *United States v. Doe*, No. CRIM. 12-MJ-068-01, 2012 WL 3668132, at *2 (D.N.H. Aug. 23, 2012) (finding defendant to be a danger to community when he persisted in viewing child pornography despite knowing illegality).

That Barrett is a teacher at a K-8 school (and previously taught at another), where he works with and is surrounded by young children, and offers his services to students of "[a]ny age" and is invited into clients' homes, makes his conduct all the more appalling.  A review of his exchanges with the

victims shows that he methodically grooms the individuals, earns their trust (for example, by sending nude photos of himself first), and then entices them to gradually move from mere flirtation to sending ever more sexually explicit photos of themselves, and—at least in the case of V68—to meet and engage in "hands-on" sexual activity.  Thus, the nature and circumstances of the charged offense show that Barrett is a danger to the community, including the one he serves in his professional capacity.

**B.     Barrett's Criminal Conduct and Characteristics Reveal His Dangerousness.**

Barrett's criminal conduct and predatory behavior beyond what is charged in the complaint reinforces that he is a danger to the community.  As discussed, Barrett's conduct involves much more than merely *receiving* child pornography.  *See United States v. Gaw*, No. CR1371370MAGKAW, 2013 WL 5979625, at *2 (N.D. Cal. Nov. 8, 2013) (rejecting "defense counsel's contention that the only evidence concerns 'talk' and a computer crime" where defendant was "entic[ing] minors to engage in sexually explicit activity").  There is evidence that he also "was involved in enticing minors to engage in sexually explicit activity and in producing child pornography."  *Id.*; *see also Livesay*, 2021 WL 325978, at *4 (D.D.C. Jan. 29, 2021) (finding detention warranted where "alleged involvement in child victimization went beyond the passive viewing of child pornography and included soliciting the production of it.").

Most alarming of all, evidence shows that Barrett engaged in "hands-on" conduct by having sexual contact with at least one minor victim.  After already having committed a federal offense by enticing V68 to produce sexually explicit images of himself and then receiving them, Barrett's texts show that he arranged to meet with V68 and have oral and anal sex with him.  Furthermore, Barrett appears to have supplied V68 with marijuana—a controlled substance—during their sexual encounter. Barrett then welcomed another opportunity to have another similar rendezvous with V68.

There is more recent evidence from 2018 indicating that Barrett and/or Nunez invited a 17 year old to their residence for sexual activity.  It is somewhat unclear if one or both of them engaged in "hands-on" contact with the minor.

> NUNEZ (8/1/2018): Okay you should message him then while I shower
> BARRETT (8/1/2018): Ok he's getting ready
> NUNEZ (8/1/2018): Okay
> BARRETT (8/1/2018): I said to let us know when to call the Uber
> NUNEZ (8/1/2018): Okay

NUNEZ (8/1/2018): He said to call it
BARRETT (8/1/2018): U call it and I can pay u
NUNEZ (8/1/2018): He is 17 lol
BARRETT (8/1/2018): I had a feeling
BARRETT (8/1/2018): He just told u? 😂
NUNEZ (8/1/2018): No he told me yesterday and I thought he told you too
BARRETT (8/1/2018): Lol too late now
NUNEZ (8/1/2018): lol yeah
NUNEZ (8/1/2018): 5mins
BARRETT (8/1/2018): Ok

Yeh Decl. Ex. C at 6–7.  But even if Nunez was the only one who had sexual contact with the underaged victim, Barrett's apparent indifference to the fact that his partner was sexually victimizing a teenager in the residence they share reveals his dangerous and criminal nature virtually as much as if he had participated in the conduct himself.

Barrett may claim that he did not actually believe that he was speaking and exchanging pictures with minors and that he was only playing along.  But his text chain with Nunez—his partner—above about a minor who was coming over to their residence apparently for sexual activity belies any assertion of ignorance about his conduct.  Similarly, there would also be no need for Barrett to ask V68 to send a picture of himself holding a dated note with a dictated message if he actually believed he was not doing anything illegal.

Barrett's sexual proclivities cannot seriously be denied, however, as the internet searches and other electronic data on his laptop indicates, e.g., "naughty school boys"; "New students sucking dicks"; "preteen boys fuck"; "young teenage gay boys"; and "Schoolboy Piss Play."  Yeh Decl. Ex. E at 6, 15, 19.  As noted, the laptop also contained files and images of additional suspected child pornography.  *Id.* at 2, 5.

As further discussed below, that Barrett would disobey orders from law enforcement as they were conducting a lawful search of his residence, and then lie and seemingly attempt to conceal evidence, further highlights the threat Barrett poses and his disregard for law enforcement and community safety.

Barrett's active solicitation of minors to engage in sexually explicit conduct and then take pictures of themselves doing it and send it to him, the fact that he has actually met at least one minor and

1   had sex with him, and his willful obstruction of law enforcement, show that the only way to safeguard

2   the community is to detain Barrett pending trial.

3   **II.     BARRETT PRESENTS A SIGNIFICANT FLIGHT RISK.**

4          Barrett presents a significant flight risk because he cannot be trusted to obey orders, has shown

5   himself to be dishonest, is seemingly willing to obstruct a criminal investigation, and is capable of

6   employing means to escape law enforcement detection of his illegal activity.

7          First, during the investigation of Nunez, Barrett refused to comply with multiple orders from

8   uniformed law enforcement officers to open the gate to his residence so that they could execute a lawful

9   warrant.  His willful disobedience of instructions from federal agents indicates that he cannot be trusted

10  to follow this Court's orders and thus is a flight risk.  *See United States v. Alfonso Ramos*, No. 3:20-mj-

11  71799-MAG-1(EJD), 2020 WL 7714535, at *4 (N.D. Cal. Dec. 29, 2020) (finding that evidence that the

12  defendant has obstructed law enforcement officers "indicates that Defendant is unlikely to follow court

13  orders or probation orders" and is thus a flight risk).

14         Further, Barrett appears to have lied to agents multiple times in an apparent attempt to conceal

15  evidence during their execution of the search warrant relating to Nunez.  Agents asked Barrett several

16  times where his cell phone was, and Barrett denied knowing where it was.  Yet agents later determined

17  that Barrett had his phone in his pocket during the entire search, which took several hours.  Barrett

18  therefore appeared to have lied to federal officers (itself a federal offense) and may have been

19  obstructing an investigation by trying to conceal evidence.  His actions demonstrate a lack of respect for

20  the administration of justice and confirm that he is a flight risk.  *See, e.g.*, *United States v. Greenoge*,

21  No. 21CR1115-H, 2021 WL 3856519, at *2 (S.D. Cal. Aug. 30, 2021) (finding that "concealing

22  evidence" weigh in favor of detention based on risk of flight).

23         In addition, in speaking with V68 and asking that V68 send a photo of himself holding a note

24  with a date and a prescribed message, Barrett has shown that he is knowledgeable about, and willing to

25  use, techniques to evade law enforcement detection.  Barrett could very well use other means to

26  circumvent any conditions placed on him if he is released pending trial.

27         Finally, both Barrett and his partner, Nunez, have now been charged with federal crimes.  Their

28  cases involve certain overlapping facts and possibly joint conduct.  Both live in the same residence.

1   Nunez has lost his job as a teacher.  That they now both face incarceration seriously increases their risk

2   of flight.

3          There is a substantial risk that Barrett will fail to comply with conditions of release imposed by

4   this Court and flee.  Pretrial detention is the only way to ensure his appearance in court.

5                                            **CONCLUSION**

6          Given his disturbing history of enticing and engaging in sexual contact with minors, his

7   dishonesty, and his demonstrated contempt towards law enforcement—and the fact that he is a teacher at

8   a K-8 school and a private instructor who teaches at clients' homes—there is no set of conditions that

9   will reasonably assure Barrett's appearance at court proceedings or ensure the safety of the community.

10  The government therefore respectfully requests that the Court order that Barrett be detained pending

11  trial.

12

13  Dated:  April 4, 2022                              Respectfully submitted,

14                                                     STEPHANIE M. HINDS
                                                       United States Attorney
15

16                                                      _/s/ Kevin Yeh_____

17                                                     KEVIN YEH
                                                       Assistant United States Attorney
18

19

20

21

22

23

24

25

26

27

28